UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOES 1 THROUGH 7, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-00681-X |
| | § | |
| THE TALIBAN, AL-QAEDA, and THE HAQQANI NETWORK, | § § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

On March 20, 2020, plaintiffs John Does 1–7 brought this action for damages arising from acts of international terrorism by defendants The Taliban, Al-Qaeda, and The Haqqani Network. The defendants have yet to appear or answer.

The Northern District of Texas is a proper venue.[1] But this Court has multiple divisions, and the Fort Worth Division—not the Dallas Division—is the superior division for this case. Barring any objections, the Court **TRANSFERS** this case to the Honorable Mark T. Pittman, United States District Judge for the Northern District of Texas in the Fort Worth Division. The Court **GRANTS LEAVE** to the parties to file briefing stating their objections, if any, by June 18, 2020. In the

---

[1] The plaintiffs plead venue under 18 U.S.C. § 2334(a), which states, "Any civil action under section 2333 of this title against any person may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent." 18 U.S.C. § 2334(a). The plaintiffs' civil action does arise under 18 U.S.C. § 2333. *See* Complaint ¶¶ 45–163 (Counts 1–7). And John Doe 5 resides in Euless, Texas, which is a city within this Court's district. *See id.* ¶ 13 ("Venue is proper where any Plaintiff resides pursuant to 18 U.S.C. § 2334(a), therefore venue is proper in this district because Plaintiff John Doe 5 resides in Euless, Texas."). Therefore, this district is a proper venue. But this district has several divisions, and the statute only addresses whether a district—not a division—is a proper venue. Whether one of a district's divisions is superior is a different question that the Court addresses here.

meantime, the Court **ORDERS** plaintiffs' counsel-of-record to appoint local counsel, in accordance with Local Rule 83.10, by June 18, 2020.[2]

I.

Title 28, Section 1404 of the United States Code authorizes a district court to *sua sponte* "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[3] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[4] "In cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[5] District courts analyze Section 1404(a) transfers with private- and public-interest factors:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest

---

[2] *See* N.D. Tex. LR 83.10(a) ("Unless exempted by LR 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. 'Local counsel' means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending.").

[3] 28 U.S.C. § 1404(a); *see also Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*." (citing *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988))).

[4] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. D. of Tex.*, 571 U.S. 49, 60 (2013).

[5] *DSA Promotions, LLC v. Vonage Am., Inc.*, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

    in having the trial of a diversity case in a forum that is at home with the law." The Court must also give some weight to the plaintiffs' choice of forum.[6]

Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[7]

## II.

The Court believes that private- and public-interest factors weigh in favor of transferring this case to the Fort Worth Division.

### A.

The Court first considers private-interest factors. First, the plaintiff upon which venue is based—John Doe 5—resides in Euless, Texas. The city of Euless is in Tarrant County, within the Fort Worth Division. Second, although courts afford some deference to a plaintiff's choice of forum, the weight to be accorded "the plaintiff's choice of forum is diminished, however, where she brings suit outside her home forum."[8] Here, no named plaintiff resides in the Dallas Division of this Court. Therefore, a transfer best serves the plaintiffs and does not harm the defendants.

### B.

The Court also considers public-interest factors. First, the Dallas Division's civil docket is busier than the Fort Worth Division's civil docket. A transfer helps

---

[6] *Atl. Marine*, 571 U.S. at 62, n. 6 (internal citations omitted).

[7] *Mills*, 886 F.2d at 761 (quoting *Jarvis Christian Coll.,* 845 F.2d at 528).

[8] *Sivertson v. Clinton*, 2011 WL 4100958 at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (citing *Santellano v. City of Goldthwaite*, 2011 WL 1429080, at *2 (N.D. Tex. Apr. 14, 2011) (Fitzwater, C.J.).

ensure the case's expeditious resolution. Second, because Tarrant County is where the local plaintiff resides, it is in the public's interest for this controversy to be resolved locally. So, a transfer is in the interest of justice.

III.

For these reasons, barring any objections, the Court **TRANSFERS** this case to the Honorable U.S. District Judge Mark T. Pittman in the Fort Worth Division. The Court **GRANTS LEAVE** to the parties to file briefing providing their objections, if any, by June 18, 2020. In the meantime, the Court **ORDERS** plaintiffs' counsel-of-record to appoint local counsel, in accordance with Local Rule 83.10, by June 18, 2020.

**IT IS SO ORDERED** this 4th day of June 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

4